UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | Cr. No. 22-cr-28-LM |
| | ] | |
| JASON ELLIS | ] | |

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Jason Ellis, through counsel, Dorothy E. Graham, Assistant Federal

Public Defender, files this memorandum respectfully requesting that the Court accept the parties

agreed upon sentence of 132 months' imprisonment because (1) it is a within guideline sentence

and (2) it is an appropriate and fair disposition of this case.

### Introduction

On February 17, 2022, Ellis was arrested on a warrant because he was named in a

Complaint, which charged Transfer and Attempted Transfer of Obscene Material to a Minor, in

violation of 18 U.S.C. § 1470.   On March 14, 2022, Ellis was named in a three-count

Indictment, which charged Count 1: Attempted Transfer of Obscene Material to a Minor, in

violation of 18 U.S.C. § 1470; Count 2: Distribution of Child Pornography, in violation of 18

U.S.C. §§ 2252A(a)(2) and (b)(1); and Count 3: Possession of Child Pornography, in violation of

18 U.S.C. §§2252A(a)(5)(B) and (b)(2).   On June 9, 2022, Ellis pled guilty to Counts 1 and 3 of

the Indictment.   The government has agreed to dismiss Count 2.   Ellis has been detained since

February 17, 2022.

### Guidelines/Plea Agreement

Ellis' Total Offense Level is 32.   PSR ¶¶ 57.   Applying a CHC of I yields an advisory

1

guideline range of 121 months to 151 months.   A plea agreement was reached pursuant to

Fed.R.Crim.P. 11(c)(1)(C).   The parties agree that a sentence of 132 months' imprisonment is an

appropriate disposition of the case. The government has agreed to dismiss Count 2 of the

Indictment upon sentencing of the defendant.

## The Sentencing Framework

In the advisory guidelines regime, the framework for sentencing is well-established:

The Court "shall impose a sentence sufficient, but not greater than necessary," to accomplish the

purposes of sentencing, considering "the nature and circumstances of the offense and the history

and characteristics of the defendant;" "the need for the sentence imposed— (A) to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

further crimes of the defendant; and (D) to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner;"

"the need to avoid unwarranted sentence disparities among defendants with similar records who

have been found guilty of similar conduct;" as well as the applicable guideline sentencing range.

18 U.S.C. §3553(a).

The applicable guideline sentencing range, is "the starting point and initial benchmark."

*Gall v. United States*, 552 U.S. 38, 49 (2007).   "The Guidelines are not the only consideration,

however. Accordingly, after giving both parties an opportunity to argue for whatever sentence

they deem appropriate, the district judge should then consider all of the § 3553(a) factors to

determine whether they support the sentence requested by a party.   In so doing, she may not

presume that the Guidelines range is reasonable. She must make an individualized assessment

2

based on the facts presented." *Id*. at 49-50.

## Application to Mr. Ellis

Mr. Ellis accepts responsibility and has admitted to the conduct alleged in Counts One and Three of the indictment and the stipulated version of the facts outlined in the plea agreement. While some of the guideline enhancements could be debated or challenged, that examination is unnecessary. Mr. Ellis respectfully requests the Court to adopt the parties' recommendation because the sentence is fair and reasonable after considering the 18 U.S.C. §3553(a) factors.

Mr. Ellis is a 45-year-old man with a criminal history score of zero.   He led a productive and successful life – obtaining a bachelor's degree and post-graduate classes and maintaining steady employment.   He succeeded in these areas despite alienation as a child, including very rare contact with his mother and abusive conduct from his stepmother. As to the facts and circumstances of the charged conduct, Mr. Ellis had a relatively small collection of images, and there were no videos identified. Some countable images were derived from collages rather than stand-alone images.   And while there is no dispute that Mr. Ellis engaged in texting and communications with purported minors that were sexually explicit, there is no evidence that he is acted on or took any substantial steps to meet these minors for sexual acts.   Furthermore, other than the one image shared with the undercover agent, counsel is not aware of other examples/instances of distribution of sexually explicit conduct of minors.

## Requested Relief

The paramount directive in 18 U.S.C. §3553(a) is that the Court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of the sentencing

statute. 18 U.S.C. §3553(a).   After considering all the relevant factors, Mr. Ellis requests the

Court to accept the parties' recommendation of a 132 months.


                                            Respectfully submitted,
                                            JASON ELLIS
                                            By His Attorney,


Date:    September 26, 2022                 */s/ Dorothy E. Graham*
                                            Dorothy E. Graham
                                            N.H. Bar No. 11292
                                            Assistant Federal Defender
                                            Federal Defender Office
                                            22 Bridge Street – 3rd Floor
                                            Concord, NH 03301
                                            Tel. (603) 226-7360
                                            E-mail: dorothy_graham@fd.org


## CERTIFICATE OF SERVICE

   I, Dorothy E. Graham, hereby certify that on   September 26, 2022 a true copy of the
above document was sent via ECF to AUSA Kasey Weiland.


                                            */s/ Dorothy E. Graham*