UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA        ) | |
| ) | |
| v.                                                          ) | No. 22-CR-00028-1-LM |
| ) | |
| JASON ELLIS                                         ) | FILED UNDER SEAL – LEVEL I |

### Government's Sentencing Memorandum

The defendant pleaded guilty to one count of attempted transfer of obscene material to a minor and one count of possession of child pornography based on evidence developed during an undercover investigation into the defendant's online activities. Over the course of many months, the defendant communicated via online chat platforms with an undercover law enforcement officer posing as the father of a 13-year-old girl (OCE). Eventually, the defendant also communicated directly with the undercover persona of the 13-year-old daughter (OCE2). These chats were sexually graphic in nature and centered around the defendant's desire to meet OCE and OCE2 and to engage in sex acts with OCE2.

The online investigation culminated in the execution of a search warrant at the defendant's residence. During the search, a cell phone was seized from the defendant's person. A preliminary review of the phone revealed numerous images sent by the defendant to OCE and OCE2 during the undercover investigation as well as portions of the chat conversations between them. In addition, the usernames associated with the social media accounts on the defendant's phone were the same usernames that the defendant had used to communicate with OCE and OCE2 during the undercover investigation.

During a full forensic examination of the defendant's phone, agents identified numerous chat conversations between the defendant and other online users, some of whom appeared to be minors. These conversations frequently revolved around sexual topics related to minors, including children as young as toddlers.

The defendant's offense is a serious one that warrants a significant sentence. The United States asks that the Court accept the parties' plea agreement and impose a sentence of 132 months' imprisonment followed by 10 years of supervised release.

## The Guidelines

The United States agrees with the probation officer's calculation of the sentencing guidelines, which fixes the defendant's sentencing range at 121 to 151 months. Under *United States v. Booker*, 543 U.S. 220, 245 (2005), the Sentencing Guidelines are merely advisory. Nonetheless, at sentencing, "district courts are still required to 'begin all sentencing proceedings by correctly calculating the applicable Guidelines range.'" *United States v. Millan-Isaac*, 749 F.3d 57, 66 (1st Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). "[C]orrectly

calculating the GSR serves an important function; it provides a 'framework or starting point' to guide the exercise of the court's discretion." *Millan-Isaac*, 749 F.3d at 66 (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011)). After giving both parties an opportunity to be heard, the district court should then consider all of the factors under 18 U.S.C. § 3553(a) to fashion an appropriate sentence. *See Gall*, 552 U.S. at 49-50.

<u>Nature and Circumstances of the Offense</u>

The defendant pled guilty to possession of child pornography and attempted transfer of obscene material to a minor.  While extremely serious in their own right, these offenses do not fully encompass the disturbing behavior associated with the defendant's criminal conduct.  The defendant's sexually graphic communications with OCE and OCE2 took place over a prolonged period of time and appeared to be geared towards establishing a relationship of trust that would ultimately result in a sexual encounter with OCE2, who purported to be a 13-year-old girl.  Moreover, the defendant's sexually graphic online communications were not limited to his interactions with OCE and OCE2.  Rather, the defendant engaged in chats with numerous other individuals, some of whom purported to be minors and others who purported to have access to minors.  In some of these chats, the defendant explicitly encourages others to sexually abuse minors in their care and to photograph the abuse.  *See, e.g.*, PSR ¶ 25.  A significant sentence is necessary to reflect the seriousness of the defendant's crime, to promote just punishment and respect for the law, to promote specific and general deterrence, and most importantly, to protect the public from the defendant.

On the other hand, the defendant did not maintain an extensive collection of child pornography.  The examination of his phone resulted in the identification of a relatively small number of images, several of which were determined to depict known (i.e., previously identified)

minor victims. In addition, the only evidence of distribution in this case is limited to the single image that the defendant sent to the OCE in this case. Both of these factors are accounted for in the calculation of the defendant's guideline sentencing range.

### The Defendant's History and Characteristics

The defendant has no scorable criminal history, although the PSR does reflect numerous contacts with law enforcement beginning as a juvenile and including several recent contacts stemming from domestic disturbances between the defendant and his ex-wife. He has a degree in Criminal Justice and worked for many years as a juvenile probation and parole officer for the State of New Hampshire. His pursuit of employment working with vulnerable youth is particularly concerning given the nature of the instant offense. That said, the United States is not aware of any allegations of impropriety related to the defendant's former employment.

### Recommendation

Considering all of the § 3553 factors, the United States respectfully asks that the Court accept the parties' plea agreement and impose a sentence of 132 months' imprisonment followed by 10 years of supervised release. The United States would ask the Court to impose restitution on behalf of "April" in the amount of $3,000, and to impose assessments under the JVTA and AVAA of $5,000 each.

Dated: October 5, 2022

Respectfully submitted,
JANE E. YOUNG
United States Attorney

By: /s/ Kasey A. Weiland
Kasey A. Weiland
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552